NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUL 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANRIQUE TARACENA-TURCIOS; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-6329 <br><br> Agency Nos. <br> A201-971-435 <br> A201-971-436 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025**

Before:   SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Manrique Taracena-Turcios and his minor son, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, and review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they would be persecuted on account of a political opinion. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) ("Absent some evidence that Rodriguez-Zuniga expressed a political opinion beyond merely her resistance to being robbed, the record does not require the conclusion the agency erred.").

The agency did not err in finding that petitioners did not show they are members of a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-,* 26 I. & N. Dec. 227, 237 (BIA 2014)); *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022) ("The 'critical requirement' is that the defining characteristic of the

group be something that 'either cannot be changed' or 'should not be required to [be] change[d] in order to avoid persecution.'") (internal citations omitted).

Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not petitioners will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**